IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GUANGO F. CORREA,        :<br>                          :<br>       Petitioner,      :<br>                          :<br>   v.                     :     Civil Action No. 08-197-JJF<br>                          :<br>ATTORNEY GENERAL OF THE STATE :<br>OF DELAWARE,              :<br>                          :<br>       Respondent.       : | |

### O R D E R

1.  Petitioner Guango F. Correa's Motion For Leave To Proceed In Forma Pauperis (D.I. 1.) is **GRANTED** for the limited purpose of this Order.

2.  The Court construes the instant Application For A Writ Of Habeas Corpus Filed Pursuant To 28 U.S.C. § 2254 (D.I. 2.) to be a Motion to Amend Petitioner's prior Application for Habeas Relief ("Application III"). See Correa v. Carroll, Civ. Act. No. 07-151-JJF. For the purposes of this Order, the Court will refer to the instant Application as "Application IV/Motion to Amend."[1]

---

[1] Application IV/Motion to Amend constitutes a motion to amend rather than a second or successive habeas petition within the meaning of 28 U.S.C. § 2244(b) because Petitioner filed Application IV/Motion to Amend on April 7, 2008 while Application III was still pending before the Court. See, e.g., Ching v. U.S., 298 F.3d 174, 177-78 (2d Cir. 2002)("when a § 2255 motion is filed before adjudication an initial 2255 motion is complete, the district court should construe the second 2255 motion as a

        3.    Petitioner's Application IV/Motion To Amend (D.I. 2.) is **DENIED** as futile.  After amending once or after an answer has been filed, a litigant may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'"  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).  Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).  An amendment is futile if it merely restates the same facts as the original complaint in different terms, fails to state a claim upon which relief can be granted, or could not withstand a motion to dismiss.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

    In a Memorandum Opinion dated May 9, 2008, the Court denied Petitioner's claim that the allegedly improper inclusion of the alias David E. Jones in his Delaware criminal records warranted habeas relief.  See (D.I. 20 in Correa v. Carroll, Civ. Act. No. 07-151-JJF).  First, the Court concluded that it lacked

---

motion to amend the pending § 2255 motion.").

jurisdiction to consider the claim because Application III constituted second or successive habeas petition. Second, the Court alternatively held that it was barred from reviewing the merits of the claim because Petitioner procedurally defaulted the claim in the Delaware State Courts, and he failed to overcome that default with a showing of cause and prejudice. Id.

Here, Petitioner's Application IV/Motion to Amend asserts the same "improper alias" claim previously considered, and denied, by the Court in the Memorandum Opinion denying Application III. Therefore, the Court concludes that permitting the amendment of Application III to include Petitioner's improper alias claim would be futile.

4. Petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2.

5. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the Clerk shall forthwith serve a copy of Application IV/Motion to Amend (D.I. 2.) and this Order upon: (1) the above-named Warden of the facility in which Petitioner is housed; and (2) the Attorney General of the State of Delaware.

6. The Clerk shall also send a copy of this Order to the Petitioner at his address on record.

_____May 14, 2008_____         _____[signature]_____
        DATE                        United States District Judge